**In re Richard M. WEINTRAUB, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–934.**

District of Columbia Court of Appeals.

Submitted March 13, 1997.

Decided April 17, 1997.

Before WAGNER, Chief Judge, and FERREN and KING, Associate Judges.

PER CURIAM:

In this reciprocal discipline case, essentially for the reasons stated in the report of the Board on Professional Responsibility dated October 25, 1996, a copy of which is printed as an appendix to this opinion, we conclude that respondent violated the following rules of the District of Columbia Rules of Professional Conduct, D.C.Bar. R.App. A: Rule 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation); Rule 1.3 (responsibility to represent client with diligence and zeal); and Rule 1.4(a) (responsibility to keep client reasonably informed)—all based on two substantially identical complaints to Bar Counsel involving the representation of two similarly situated clients. It is accordingly

ORDERED that respondent is hereby suspended for sixty days from the practice of law in this jurisdiction based upon respondent's decision not to take exception to the recommendation of the Board, suspension to run nunc pro tunc from September 6, 1996, when respondent filed an affidavit satisfying D.C. Bar R. XI § 14(g).

---

The Clerk shall cause a copy of this order to be transmitted to the Chair of the Board on Professional Responsibility and to respondent Weintraub.

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS

### BOARD ON PROFESSIONAL RESPONSIBILITY

In re

Richard M. Weintraub,

Respondent.

Bar Docket No. 270–96

## REPORT AND RECOMMENDATION

Respondent, a member of the bars of Maryland and the District of Columbia, was suspended by consent in Maryland, for a period of sixty (60) days, effective July 1, 1996. Respondent acknowledged that he engaged in conduct that violated Rules 8.4(c), 1.3 and 1.4(a) of the Maryland Rules of Professional Conduct.

Specifically, he self-reported that he falsified two so-called "favorable determination" letters issued by the Internal Revenue Service. Such letters are issued to certify the approval of retirement plans as qualified plans under the applicable provisions of the Internal Revenue Code. Due to an oversight on his part, the Respondent failed to obtain such letters for two retirement plans of a client. Respondent was asked to produce "favorable determination" letters for the two retirement plans in connection with the sale of the client. Rather than acknowledging his failure to obtain the letters, Respondent altered two letters obtained on behalf of another client and forwarded the falsified letters to counsel representing the purchaser. When that attorney pointed out inconsistencies, the Respondent admitted falsifying the letters. Respondent acknowledged that this conduct violated Rule 8.4(c), prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation.

Maryland Bar Counsel also received two complaints against Respondent, involving allegations that the Respondent failed to obtain favorable determination letters on behalf of retirement plans for other clients, and that he failed to respond to inquiries from representatives of those clients. Respondent acknowledged that this conduct violated Rules 1.3 (diligence and zeal) and 1.4(a) (keeping clients reasonably informed).

Respondent agreed to a sixty (60) day suspension in Maryland, and was eligible to resume practice in Maryland on September 3, 1996. The District of Columbia Court of Appeals ordered the suspension of Respondent on August 6, 1996, pending a recommendation from the Board whether identical, greater or lesser discipline should be imposed as reciprocal discipline. Respondent filed an affidavit satisfying D.C. Bar Rule XI, § 14, on September [6], 1996.

Bar Counsel argues that the Court should impose a 60–day suspension as reciprocal discipline. Respondent has not opposed the imposition of reciprocal discipline, or argued that any exception to reciprocal discipline in Rule 11, § 11(d) of the D.C. Bar Rules applies. A 60–day suspension is in the range of discipline imposed in the District of Columbia for such misconduct. See In re Zeiger, BDN 430–93 (BPR July 29, 1996) (recommendation of 60–day suspension in original discipline case where respondent altered medical records; three violations found including Rule 8.4(c)); citing In re Schneider, 553 A.2d 206, 209 (D.C.1989) (30–day suspension for altering receipts to justify travel expenses); In re Bikoff, No. 95–BG–530 (D.C. July 12, 1995)(60–day suspension for misclassifying expenses to avoid controversy with client); In re Jackson, 650 A.2d 675 (D.C.1994) (six-month suspension for dishonesty in preparing client tax returns).

Accordingly, the Board recommends that the Court impose a 60–day suspension as reciprocal discipline, nunc pro tunc to September 6, 1996.

By: /s/_____

Patricia A. Brannan
Vice Chair

All members of the Board on Professional Responsibility concur in this Report and Recommendation except Mr. Banks and Ms. Zumas, who did not participate.

Dated: 10–25–96